UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAWN PENNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV01398 AGF |
| ) | |
| ALLSTATE FINANCIAL SERVICES, INC., ) | |
| d/b/a Allstate Adjustment Bureau, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for default judgment against Defendant Allstate Financial Services, Inc. Plaintiff filed this action on August 1, 2010, under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"). Plaintiff is a citizen of Missouri; Defendant is a Nevada corporation doing business in Missouri and engaged in the collection of delinquent debts.

The complaint alleges that on or about June 5, 2010, and twice on June 15, 2010, Defendant's collectors left phone messages for Plaintiff in an effort to collect on a delinquent consumer debt. The complaint further alleges that these messages failed to indicate that the communication was from a debt collector; failed to provide meaningful disclosure of Defendant's identity; left Plaintiff with the false impression that the communications were from an attorney; and suggested that a lawsuit had been filed against Plaintiff when no such lawsuit had been filed. Plaintiff asserts that Defendant thereby made false representations and used deceptive means in an attempt to collect a debt from Plaintiff.

The Clerk of Court entered default against Defendant on November 17, 2010. On November 21, 2010, Plaintiff filed the present motion for default judgment against Defendant for statutory damages pursuant to the FDCPA in the amount of $1,000.00. Plaintiff further seeks $1,881.50 in attorney's fees, and $418.00 in costs, consisting of the filing fee and cost of service of the summons and complaint by a process server. Plaintiff's motion includes inconsistent statements regarding whether Plaintiff also seeks actual damages of $1,000.00. Defendant has not filed a response to Plaintiff's motion within the time allowed.

The liability of a defendant is established upon entry of default, and thus, once default is entered, the plaintiff is not required to establish its right to recover. Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973) (stating that on establishment of default, "the defendant has no further standing to contest the merits of plaintiff's right to recover") (citation omitted). Thus, the only issue before the Court is the amount of damages owed by Defendant to Plaintiff.

The FDCPA prohibits the use of "any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (2006) (providing a non-exclusive list of prohibited conduct). In the event a debt collector violates the prohibitions of the statute, the FDCPA provides in relevant part that an individual may recover: (1) "any actual damages sustained by such person," (2) "such additional damages as the court may allow, but not exceeding $1,000," and (3) "in the case of any successful action . . . the costs of the action, together with a reasonable attorney's fee." Id. at 1692k.

Plaintiff has provided appropriate documentation, including an affidavit by Plaintiff, that supports her request for statutory damages of $1,000.00 pursuant to the

FDCPA, and attorney's fees and costs. The Court concludes that the attorney's fees requested are reasonable, at a billing rate of $265.00 per hour for 7.1 attorney hours, for a total of $1,881.50. With regard to the requested costs, the Court will award Plaintiff $418.00 in costs consisting of the filing fee and cost of service of the summons and complaint by a process server. With regard to actual damages, the Court notes that Plaintiff has not requested such damages in her affidavit, and has failed to provide sufficient evidence to support actual damages. This, taken in conjunction with the inconsistent statements in Plaintiff's motion, leads the Court to conclude that an award of actual damages would be inappropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED** in the amount of $3,299.50. [Doc. #9].

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to mail a copy of this Memorandum and Order to Defendant at the address at which Defendant was served, 1050 East Flamingo, Suite E320, Las Vegas, Nevada 89119.

A separate Default Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 25th day of February, 2011.